# Peninsula Produce Exchange of Maryland *v.* Scott, Appellant.

*Sale— Delivery—Contract—Guarantee.*

In an action for the purchase price of fruit, where the defendant offered testimony to the effect that the fruit had been guaranteed to be delivered on a particular hour of a particular day, and that no such delivery had been made, and the testimony as to the guarantee is contradicted by the plaintiff, the case is for the jury.

Argued Oct. 17, 1912. Appeal, No. 114, Oct. T., 1912, by defendant, from judgment of C. P. No. 3, Phila. Co.,

626    PENINSULA PROD. EX. *v.* SCOTT, Appellant.

Statement of Facts—Opinion of the Court.    [53 Pa. Superior Ct.

March T., 1911, No. 4,189, on verdict for plaintiff in case of Peninsula Produce Exchange of Maryland v. Peter S. Scott, trading as P. S. Scott Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before Ferguson, J.

The opinion of the Superior Court states the case.
Verdict and judgment for plaintiff for $554.96. Defendant appealed.

*Errors assigned* were (1–14) various instructions.

*W. L. Sheppard* and *W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellant.

*Percival H. Grane,* with him *J. Howard Reber,* for appellee.

Opinion by Orlady, J., July 16, 1913:

The defendant gave an order by telephone to plaintiff for a carload of strawberries for delivery in the Philadelphia market in time for sale at 2 A. M. the following morning. The carload was shipped in response to the order but, as frankly stated by appellant, "through some delay attributable solely to the railroad company, it was not delivered in Philadelphia until after the market had closed for the day."

The testimony of the defendant was that the carload of berries was purchased conditioned upon its delivery in time for the next morning's market, and he contended that the loss resulting from the sale of the berries on a falling market was due entirely to the negligence and dilatory conduct on the part of the plaintiff in not speeding the delivery of the car, and rearranging for the sale of the berries as urged by him. The plaintiff as earnestly contended that he never had guaranteed

the delivery of the berries at any particular hour, and that they were not sold by him on any such theory; that he was not responsible for the failure to deliver at a specified time by the railroad company, and that he had performed his part of the bargain fully by furnishing the berries to the railroad company at a time when under the ordinary schedule the car would have been delivered in Philadelphia in time for the 2 o'clock market.

The controversy resolved itself into a single question of fact. Did the plaintiff guarantee delivery of the strawberries at 2 A. M. on Friday, May 20, 1910? With regard to this the testimony was for the consideration of the jury and they have resolved it in favor of the plaintiff.

The attempt to divert the shipment to another point, and the effort to dispose of the fruit in time for the Saturday morning market, as well as the items of damage urged by the defendant were fully and adequately presented to the jury. With the finding by the jury against the defendant on the pivotal question of guaranteed delivery, the other features of the case became of minor consideration.

The argument of appellant is persuasive, and doubtless a similar one had its effect before the jury, but the controversy is purely one of fact and not of law, and we see no good reason for another trial of the case when there is every likelihood of another jury coming to the same conclusion in regard to the facts.

The twelfth assignment is an excerpt from the charge of the court which should be read in connection with the analysis of the claims and amounts that were not in dispute. The original bill, the freight and commission charges, the cartage and icing of the fruit and the amount realized from its sale were not in controversy. The court distinctly stated, "It was the plaintiff's duty to dispose of the berries and sell them at the earliest possible moment, and if the plaintiff failed in any respect in that

regard, it cannot ask the defendant to pay for the loss." When the jury found in the plaintiff's favor on this phase of the case, the amount of the verdict was but a compensation of admitted amounts, and this was all that was suggested by the court. Taking the charge of the court as a whole the definition of duty of the parties and measure of damages was adequately and properly presented.

The assignments of error are overruled and the judgment is affirmed.